# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY GOODRUM, JASON MIXON, and MARTY WOOLEY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>VERADIGM, INC.,<br><br>　　　　　　　Defendant. | No. 1:25-cv-07062<br>(Consolidated with No. 1:25-cv-08963)<br><br>Hon. John Robert Blakey |

### [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law [ECF No. ___ ] for consideration of whether the Settlement[1] reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim Form be approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class should be preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim Form approved. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of the Settlement Class

1.　　The Court provisionally certifies the following Settlement Class for settlement

---

[1] All capitalized terms used herein shall have the same definitions as those in Section II of the Settlement Agreement, attached to the Motion for Preliminary Approval as *Exhibit A*.

1

purposes only, finding it is likely to certify it at the final approval stage:

> All living individuals residing in the United States whose Private Information may have been impacted in the Data Incident.

2. The Court has subject matter jurisdiction. Specifically, the Court finds that the Parties are minimally diverse, there are more than 100 members of the Settlement Class, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and the Settlement Class.

3. The Court determines that for settlement purposes only, the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent Settlement Class members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate to represent the Settlement Class.

4. Plaintiffs Tony Goodrum, Marty Wooley, Todd Clay, and Tanya Walker are designated and appointed as the Class Representatives.

5. Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The Court finds that these counsel are experienced and will adequately protect the interests of the Settlement Class.

### **Preliminary Approval of the Proposed Settlement**

6. Upon preliminary review, pursuant to Fed. R. Civ. P. 23(e)(2), and the factors set

forth in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014), the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

## Final Approval Hearing

7. A Final Approval Hearing shall take place before the Honorable John Robert Blakey on _____, \_\_\_, 202\_\_, at \_\_\_ :\_\_\_\_a.m./p.m at _____ Chicago, Illinois _____ to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement's terms, all claims in the Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards should be granted. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website. The hearing may be re-scheduled without further notice to the Settlement Class. Any changes in the date or time will be posted on the Settlement Website.

8. Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, as well as Service Awards of up to $2,500.00 per Class Representative to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval

3

Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

9. Class Counsel shall file the Motion for Final Approval and Application for Attorneys' Fees and Costs no later than 45 days before the initial scheduled Final Approval Hearing date. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees, costs, and Service Awards.

10. Any Settlement Class Member who has not timely and properly opted out from the Settlement in the manner described below, may appear at the Final Approval Hearing in-person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement. However, no Settlement Class Member who has elected to opt out from the Settlement shall be entitled to object or otherwise appear. Further, no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements set forth in this Preliminary Approval Order pertaining to objections, which are described below.

## Settlement Administration

11. Kroll Settlement Administration LLC is appointed as the Settlement Administrator, with responsibility for handling the Notice Program and overseeing the Claims Process. All Settlement Administration Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

## Notice to the Settlement Class

12. The Notice, including the Email Notice, Postcard Notice, and Long Notice Form, along with the Claim Form, attached as exhibits to the Settlement Agreement, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process, and thus are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the

Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks that the Settlement requires.

13. The Court finds that the form, content, and method of the Notices: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Opting Out of the Settlement Class

14. Any Settlement Class Member who wishes to opt out of the Settlement must submit a written notification of such intent either electronically or by United States mail to the designated address established by the Settlement Administrator, postmarked no later than the Opt-Out Deadline, which is 30 days before the initial scheduled Final Approval Hearing date. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a a written request to opt out of the Settlement Class. Any Settlement Class Member who does not submit a valid and timely request to opt out in the manner described herein shall be bound by the Settlement, including all Releases, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

15. Settlement Class Members cannot opt out by telephone or email. "Mass" or "class"

requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members, where an opt out has not been signed by each and every individual Settlement Class Member, will not be allowed.

16. All Settlement Class members who submit valid and timely requests to opt out of the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

### Objecting to the Settlement

17. A Settlement Class Member who complies with the requirements of this Preliminary Approval Order and the Agreement may object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards.

18. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class member shall be received and considered by the Court, unless a written objection is submitted to the Court before the Objection Deadline, which shall be 30 days before the initial scheduled Final Approval Hearing date. For the objection to be considered by the Court, the written objection must include:

    a. the objector's full name, mailing address, telephone number, and email address (if any);

    b. the case name and case number: *Goodrum, et al. v. Veradigm, Inc.*, Case No. 1:25-cv-007062;

    c. documentation sufficient to establish membership in the Settlement Class, such as a copy of the Email Notice or Postcard Notice the objector received;

    d. all grounds for the objection, accompanied by any legal support for the objection

|     | |
| --- | --- |
|     | known to the objector or objector's counsel; |
| e.  | the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; |
| f.  | the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees and Costs; |
| g.  | the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years; |
| h.  | the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing; |
| i.  | a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); |
| j.  | a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and |
| k.  | the objector's signature (an attorney's signature is not sufficient). |

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking the objector's deposition or requesting documents, to be completed before the Final Approval Hearing.

19. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator, at the addresses listed on the Long Form Notice and which will also appear on the Settlement Website

20. Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Preliminary Approval Order by appeal or any other means.

## Claims Process and Distribution Plan

21. The Settlement establishes a Claims Process for assessing and determining the validity and value of Claims and a methodology for paying Settlement Class Members that submit a Valid Claim. The Court preliminarily approves this process.

22. Settlement Class members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement, including the requirements and procedures in the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for Settlement Class Member Benefits, but who fail to submit a Claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form requirements, shall be forever barred from receiving any of the Settlement Class Member Benefits. Such Settlement Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the Releases, the

Final Approval Order, and final judgment.

## Termination of the Settlement and Use of this Order

23. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

24. If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant or Defendant's Clients of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## Stay of Proceedings

25. Except as necessary to effectuate this Preliminary Approval Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and judgment, or until further order of this

Court.

26. Upon entry of this Order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant, Defendant's Clients, and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement

### Adjournment or Continuance of Final Approval Hearing

27. The Court, at its direction, may adjourn or continue the Final Approval Hearing date without further written notice to the Settlement Class. If the Court does so, the new date shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

### Jurisdiction Pending Settlement Approval

28. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

### Summary of Deadlines

29. The Settlement, as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| EVENT | DATE |
|---|---|
| Deadline to commence Notice Program | Within 20 days following the Preliminary Approval Order |
| Deadline to complete Notice Program | 45 days before the initial scheduled Final Approval Hearing date |
| Deadline for filing Motion for Final Approval | 45 days before the initial scheduled Final Approval Hearing date |
| Opt-Out Deadline | 30 days before the initial scheduled Final Approval Hearing date |
| Objection Deadline | 30 days before the initial scheduled Final Approval Hearing date |
| Claim Form Deadline | 15 days before the initial scheduled Final Approval Hearing date |
| Final Approval Hearing | _____, 202__, at __:__ a.m./p.m. (or soon thereafter depending on the Court's availability). |

**DONE AND ORDERD** in Chambers in Chicago, Illinois, this ___ day of _____, 2025.

_____
JOHN ROBERT BLAKEY
UNITED STATES DISTRICT JUDGE