# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISON**

TONY GOODRUM, JASON MIXON, and
MARTY WOOLEY, individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.

VERADIGM, INC.,

      Defendant.

**CASE NO.: 1:25-cv-07062**

## SETTLEMENT AGREEMENT

This Settlement Agreement[1] is entered into between Plaintiffs, individually, and on behalf of the Settlement Class, and Defendant, as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

**I.**   **Procedural History**

    1.    Defendant is an Illinois based healthcare technology company that, through its subsidiaries, offers a variety of software and services to healthcare providers, including electronic health record and medical practice management tools.

    2.    Defendant's Clients use certain software and services of Defendant to, among other things, document their patient encounters and assist with obtaining payment for services. Private Information (as defined below) is collected by Defendant's Clients during these encounters and may be stored in Defendant's solutions.

    3.    In December 2024, cybercriminals may have unlawfully accessed and acquired

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

information belonging to over two-million of Defendant's Clients' patients that was stored on Defendant's servers. The Private Information included, but was not limited to, names, contact details, date of birth, health record data, insurance claim data, payment information, and other identifiers, such as Social Security number and a copy of their driver's license. Not all data elements were present for every impacted individual.

4.    On June 25, 2025, Plaintiff Goodrum and Mixon filed the first class action lawsuit related to the Data Incident. [ECF No. 1]. On July 31, 2025, Plaintiff Wooley filed the second action alleging similar causes of action as to Plaintiffs Goodrum and Mixon and seeking to represent an overlapping putative class.

5.    On August 1, 2025, following an agreement of Plaintiffs' counsel to work cooperatively and litigate in a single consolidated action, Plaintiffs moved to consolidate the actions while also moving to appoint lead counsel. [ECF No. 11].

6.    The Court granted the motion to consolidate on August 19, 2025, but deferred consideration of the motion for appointment of interim class counsel until the cases are consolidated. [ECF No. 18].

7.    Following the filing of the two complaints, the Parties began discussing the prospect of early resolution. They scheduled a mediation with experienced class action mediator and former United States District Court Judge Wayne Andersen, for August 26, 2025, by Zoom.

8.    In advance of the mediation, Plaintiffs consulted with their liability and damage experts. They then requested (and Defendant provided) certain information related to liability and damages, including, but not limited to, the number of individuals impacted by the Data Incident, the categories of Private Information involved, and various measures implemented since the Data Incident (or will be implement in the future) to further enhance its existing security defenses and

help to protect against similar incidents in the future.

9.      On August 21, 2025, Plaintiffs filed their Consolidated Complaint, alleging claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, and declaration judgment and injunctive relief. [ECF No. 20].

10.     The Parties mediated on August 26, 2025. After a day of arms-length and contested negotiations, the Parties reached an agreement in principle to settle the case on a classwide basis.

11.     On August 29, 2025, Plaintiffs Goodrum and Wooley filed an Amended Consolidated Complaint adding Plaintiffs Clay and Walker. [ECF No. 21].

12.     The Parties now agree to settle the Action entirely, without any admission by the Defendant (or its Clients) of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint and the Data Incident as it relates to it, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs enter into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in

any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II. <u>Definitions</u>

13. "**Action**" means the above-captioned consolidated action, *Goodrum, et al. v. Veradigm, Inc.*, Case No. 1:25-cv-07062 (N.D. Ill.).

14. "**Agreement"** or **"Settlement"** or **"Settlement Agreement"** means this Settlement Agreement, including all exhibits, between Plaintiffs and Defendant.

15. "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking attorneys' fees, costs, and Service Awards.

16. "**CAFA Notice**" means Class Action Fairness Act Notice that the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

17. "**Cash Payment**" means the cash compensation paid to Settlement Class Members who elected to submit a Claim for either Cash Payment A – Documented Losses or Cash Payment B – Alternate Cash.

18. "**Cash Payment A – Documented Losses**" means the cash compensation of up to $5,000.00 that Settlement Class Members with documented losses may elect under the Settlement.

19. "**Cash Payment B – Alternate Cash**" means the cash compensation in the

estimated amount of $50.00 that Settlement Class Members may elect under the Settlement.

20. **"Claim Form"** means the proof of claim, substantially in the form attached hereto as ***Exhibit 4***, which may be modified as necessary, subject to the Parties' approval.

21. **"Claim Form Deadline"** shall be 15 days before the initial scheduled Final Approval Hearing and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for a Cash Payment.

22. **"Claimant"** means an individual who submits a Claim Form.

23. **"Claim Process"** means the process by which Claimants submit Claims to the Settlement Administrator and the Settlement Administrator determines which Claims are Valid Claims.

24. **"Class Counsel"** means: Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A.

25. **"Class List"** is the class list provided by Defendant to the Settlement Administrator. The Class List shall include the Settlement Class members' names and email addresses.

26. **"Class Representatives"** means the Plaintiffs the Court approves to serve as representatives on behalf of the Settlement Class.

27. **"Complaint"** means the Consolidated Complaint filed on August 21, 2025.

28. **"Court"** means the United States District Court for the Northern District of Illinois and the Judge(s) assigned to the Action.

29. **"Data Incident"** means the network intrusion that may have resulted in unauthorized access to or acquisition of Private Information, which Defendant discovered in June 2025.

30. **"Defendant"** means Veradigm, Inc., the named-defendant in the Action and

includes Veradigm LLC, a wholly-owned subsidiary of Veradigm Inc.

31.     "**Defendant's Counsel**" means Shook, Hardy & Bacon L.L.P.

32.     "**Defendant's Clients**" includes Virginia Ear, Nose & Throat Associates; Carolina Ear Nose & Throat Allergy Center; Neighborhood Health Center of Western New York; Cabarrus Eye Center; Family Medical Group of Texarkana; La Red Health Center; Urology Associates of Mobile; Peachtree Neurological Clinic; North Buncombe Family Medicine; Thomaston Medical Group; Henrietta Johnson Medical Center – Wilmington; Catholic Health Initiatives ("CHI")/CommonSpirit Health (including without limitation MercyOne); Nystrom & Associates; Genesis Healthcare Inc. (including without limitation Unio Specialty Care); Delaware Healthnet, and Corona-Temecula Orthopaedic Associates Medical Group.

33.     "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

34.     "**Email Notice**" means the email form of Notice of the Settlement, if email addresses are maintained by the Defendant, substantially in the form attached hereto as ***Exhibit 1***, and distributed to Settlement Class Members.

35.     "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

36.     "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached hereto as ***Exhibit 6***.

37.  "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

38.  "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The Final Approval Order also includes the orders, which may be entered separately, determining the amount of approved attorneys' fees, costs, and Service Awards.

39.  "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 4***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail upon request to the Settlement Administrator.

40.  "**Medical Data Monitoring**" means the CyEx monitoring product with two years of monitoring that Settlement Class Members may elect as a Settlement Class Member Benefit under the Settlement.

41.  "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

42.  "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the court seeking Preliminary Approval of the Settlement.

43.  "**Net Settlement Fund**" means the amount of the Settlement Fund following payment of Settlement Administration Costs and any attorneys' fees, costs, and Service Awards.

44.  "**Notice**" means the Email Notice, Postcard Notice, and Long Form Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

45.  "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and may consist of Email Notice, Postcard Notice, Long Form Notice, along with the Settlement Website and the Settlement telephone number.

46. "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class Member who has submitted an invalid Claim.

47. "**Objection Deadline**" means 30 days before the initial scheduled Final Approval Hearing and is the last date by which Settlement Class Members may object to the Settlement.

48. "**Opt-Out Deadline**" means 30 days before the initial scheduled Final Approval Hearing and is the last date by which Settlement Class Members may opt out of the Settlement.

49. "**Party**" means each of the Plaintiffs and Defendant, and "Parties" means Plaintiffs and Defendant collectively.

50. "**Plaintiffs**" means Tony Goodrum, Marty Wooley, Todd Clay, and Tanya Walker.

51. "**Private Information**" means the personally identifiable information and protected health information impacted in the Data Incident which consists of some combination of names, Social Security numbers, telephone numbers, and health information.

52. "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2,*** that the Settlement Administrator may disseminate to Settlement Class members by mail.

53. "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form submitted with the Motion for Preliminary Approval.

54. "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 5***.

55. "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

56. "**Released Claims**" means any and all actual, potential, filed or unfiled, known or

unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, joint or several, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Incident.

57. "**Released Parties**" means Defendant and Defendant's Clients and their respective past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, business units, officers, directors, shareholders, members, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees, including but not limited to, and out of an abundance of caution, Altera Digital Health Inc., a related entity.

58. "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

59. "**Service Awards**" means the monetary compensation the Court may approve for the Plaintiffs for serving as Class Representatives.

60. "**Settlement Administrator**" means Kroll Settlement Administration LLC.

61. "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

62. "**Settlement Class**" means all living individuals residing in the United States whose Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (2) governmental entities; and (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

63. "**Settlement Class Member**" means any member of the Settlement Class who has not opted out of the Settlement.

64. "**Settlement Class Member Benefit**" means the Cash Payments, Medical Data Monitoring, Settlement Administration Costs, and any Court-awarded attorneys' fees, costs, and Service Awards.

65. "**Settlement Fund**" means the non-reversionary, all cash $8,750,000 fund that Defendant is obligated to fund or cause to be funded pursuant to Section III herein.

66. "**Settlement Website**" means the website the Settlement Administrator will establish as a means for Settlement Class members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

67. "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim

Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

III.   **Settlement Fund**

68.   Within 10 business days of Preliminary Approval and receipt of wire instructions and a valid W-9, Defendant shall fund or cause to be funded the Settlement Fund in the amount of $5,000,000. Within 30 days of the Effective Date and receipt of wire instructions and a valid W-9, Defendant shall fund or cause to be funded the remaining balance of the Settlement Fund ($3,750,000). In the event there is no Final Approval, or the Effective Date does not occur, following the payment of any outstanding Settlement Administration Costs, all funds remaining in the Settlement Fund shall be returned to the Defendant.

69.   The Settlement Fund shall be used to pay: (1) all Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims; and (2) all Settlement Administration Costs; (3) any attorneys' fees, costs, and Service Awards approved by the Court.

70.   The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. The Settlement Fund shall earn a reasonable rate of interest and all interest earned on the Settlement funds shall be for the benefit of the Settlement Class. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be

imposed on Defendant, Defendant's Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV. Certification of the Settlement Class

71.     In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes only. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V. Settlement Class Member Benefits

72.     When submitting a Valid Claim, Settlement Class Members must choose either Cash Payment A – Documented Losses or Cash Payment B – Alternate Cash. All Settlement Class Members may also elect to receive Medical Data Monitoring in accordance with the terms of this paragraph. All Cash Payments will be subject to a *pro rata* (a) increase from the Net Settlement Fund if the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund or (b) decrease from the Net Settlement Fund if the amount of Valid Claims exhausts the amount of

the Net Settlement Fund. For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds in the Net Settlement Fund first for payment of Medical Data Monitoring, then for Cash Payment A – Documented Losses, and then to all those who elect Cash Payment B – Alternate Cash. Any *pro rata* increases or decreases will be on an equal percentage basis. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims without receiving a Settlement Class Member Benefit.

a.     **Cash Payment A – Documented Losses**

Settlement Class Members may submit a claim for a Cash Payment under this section for up to $5,000.00 per Settlement Class Member upon presentment of reasonable documented losses that are known to be the direct result of the Data Incident. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring documenting losses. Settlement Class Members will be required to submit reasonable documentation supporting the losses, which means documentation contemporaneously generated or prepared by a third party or the Settlement Class Member supporting a claim for expenses paid. Non-exhaustive examples of reasonable documentation include telephone records, correspondence including emails, or receipts. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendant or otherwise. If a Settlement

13

Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Settlement Class Member's Claim will be as if he or she elected Cash Payment B.

   b. **Cash Payment B – Alternate Cash**

As an alternative to Cash Payment A above, a Settlement Class Member may elect to receive Cash Payment B, which is a cash payment in the estimated amount of $50.00.

   c. **Medical Data Monitoring**

In addition to Cash Payment A or Cash Payment B, Settlement Class Members may also make a Claim for Medical Data Monitoring that will include two years of CyEx's medical data monitoring product that will include: (i) real time monitoring of the credit file with one credit bureau; (ii) dark web scanning with immediate notification of potential unauthorized use; (iii) security freezing assistance; (iv) victim assistance; (v) $1,000,000.00 in identity theft insurance with no deductible; and (vi) access to fraud resolution agents to help investigate and resolve instances of identity theft.

   d. **Injunctive Relief**

Fourteen days before Plaintiffs' Motion for Final Approval, Defendant shall provide Class Counsel with a written and signed declaration regarding the security measures it implemented following the Data Incident (or will implement in the future) to further enhance its existing security defenses and help to protect against similar, subsequent data incidents. The costs of any such security measures on the part of Defendant were paid or will be paid separately by the Defendant and will not come out of the Settlement Fund.

## VI.    <u>Settlement Approval</u>

73.     Plaintiffs' Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program and the form and content of the Notices; (4) approve the Claim Process and the form and content of the Claim Form; (5) approve the procedures for Settlement Class Members to opt out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Kroll as the Settlement Administrator; (7) appoint Plaintiffs as Class Representatives; (8) appoint Gary Klinger and Jeff Ostrow as Class Counsel for Settlement purposes; (9) stay the Action pending Final Approval of the Settlement; and (10) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's Counsel.

## VII.    <u>Settlement Administrator</u>

74.     The Parties agree that, subject to Court approval, Kroll shall be the Settlement Administrator. Class Counsel shall oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

75.     The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims Process, administering the Settlement Fund, and ensuring the distribution of all Settlement Class Members Benefits.

76. The Settlement Administrator's duties include the following:

a. Timely sending CAFA Notice;

b. Completing the Court-approved Notice Program by noticing the Settlement Class by Email Notice and, if necessary, Postcard Notice, sending out Long Form Notices and paper Claim Forms upon request from Settlement Class Members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

c. Establishing and maintaining the Settlement Fund and the Escrow Account;

d. Establishing and maintaining a post-office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

e. Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

f. Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

g. Responding to any mailed Settlement Class Member inquiries;

h. Processing all opt-out requests from the Settlement Class;

i. Providing weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

j. In advance of the Final Approval Hearing, preparing a declaration

confirming the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, including the value of all Claims for Cash Payment A, the number of Claims for Cash Payment B, and the number of Settlement Class Members who elected Medical Data Monitoring, and providing the names of each Settlement Class Member who timely and properly requested to opt out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

   k. Distributing, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

   l. Ensuring the issuance of the Medical Data Monitoring activation codes to all Settlement Class Members who elect Medical Data Monitoring;

   m. Paying Court-approved attorneys' fees, costs, and Service Awards out of the Settlement Fund;

   n. Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

   o. Any other Settlement administration function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments and Medical Data Monitoring activation codes have been properly distributed.

**VIII.** **Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures**

  77. Defendant will provide the Settlement Administrator with the Class List no later than 14 days after entry of the Preliminary Approval Order. To the extent necessary, Defendant

will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

78.     Within 10 days following the entry of the Preliminary Approval Order, the Settlement Administrator shall serve CAFA Notice on the appropriate government officials.

79.     Within 20 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the Email Notice (where email addresses are available), Postcard Notice, if necessary, and Long Form Notice approved by the Court.

80.     All Settlement Class Members will be sent notice that shall include, among other information: (a) a description of the material terms of the Settlement; (b) how to submit a Claim Form; (c) the Claim Form Deadline; (d) the Opt-out Deadline, which is the last day for Settlement Class members to opt out of the Settlement Class; (e) the Objection Deadline, which is the last day for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (f) the Final Approval Hearing date; and (g) the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel shall insert the correct dates and deadlines in the Notices before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

81.     Those Settlement Class Members whose Email Notice bounces back or is undeliverable will be sent a Postcard Notice, to the extent the Settlement Administrator can identify

the postal address of the Settlement Class Member. The Settlement Administrator shall perform reasonable postal address traces. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose.

82.    The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted online directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

83.    The Long Form Notice will include a procedure for Settlement Class Members to opt out of the Settlement Class, and the Email Notice and Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions. Members of the Settlement Class may opt out of the Settlement Class at any time before the Opt-Out Deadline by mailing a request to opt out to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt out of the Settlement Class. Mass or class requests to opt out filed by third parties on behalf of a mass or class of Settlement Class members or multiple Settlement Class members where the opt out has not been signed by each and every individual Settlement Class member will not be allowed. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

84.    The Long Form Notice shall also include a procedure for Settlement Class

Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards and the Email Notice and Postcard Notice shall direct Settlement Class members to review the Long Form Notice to obtain the objection instructions. Objections must be sent to the Clerk of Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the Objection Deadline, as specified in the Notice, and the Settlement Class Member must not have opted out of the Settlement Class. Objections submitted by mail must be postmarked on the envelope no later than the last day of the Objection Deadline. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

85.     For an objection to be considered by the Court, the objection must also set forth:

a.      the objector's full name, mailing address, telephone number, and email address (if any);

b.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards;

e.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

f.      the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

g.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding written discovery

86.     The Notice Program shall be completed in its entirety no later than 45 days before the initial date set for the Final Approval Hearing.

## IX.      **Claim Process and Disbursement of Cash Payments and Medical Data Monitoring**

87.     The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

88.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

89.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

90.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of Claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

91.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim Process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

92.     Claim Forms that do not meet the terms and conditions of this Settlement shall be

promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Settlement Class Member using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the physical or e-signature. A Settlement Class Member shall have until the Claim Form Deadline, or 15 days after the date the Notice of Deficiency is sent via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Settlement Class Member timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Settlement Class Member does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

93.     Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

        a.        Failure to fully complete and/or sign the Claim Form;

        b.        Illegible Claim Form;

        c.        The Claim Form is fraudulent;

        d.        The Claim Form is duplicative of another Claim Form;

        e.        The Claimant is not a Settlement Class Member;

      f.     The Claimant submitted a timely and valid request to opt out of the Settlement Class.

      g.     The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

      h.     Failure to submit a Claim Form by the Claim Form Deadline; and/or

      i.     The Claim Form otherwise does not comply with the requirements of this Settlement.

94.     The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

      a.     The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims based on findings of fraud or duplication;

      b.     A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph;

      c.     If a Claim is rejected for fraud or duplication, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants; and

      d.     The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

95.     The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation

received by the Settlement Administrator at any time upon reasonable notice.

96.     The Settlement Administrator will provide information to Class Counsel and Defendant's Counsel regarding all approved claims, including all documentation to substantiate the claim upon request. Either Party may challenge the approval/denial of any claim and the Parties shall meet and confer together, with the Settlement Administrator, to resolve their challenges. If the challenges are not withdrawn or resolved, the Settlement Administrator's decision will be upheld.

97.     No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

98.     No later than 75 days after Final Approval or 30 days after the Effective Date, whichever is later, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

99.     Cash Payments to Settlement Class Members will be made by electronic payment or by paper check. Settlement Class Members will select a form of electronic payment or to receive payment by paper check. In the event a Settlement Class Member does not make an election or there is a problem with issuance of an electronic payment, a paper check will be sent to the Settlement Class Member's last known address. Settlement Class Members shall have 90 days to select their form of payment. Paper checks must be negotiated within 90 days of issuance. In the event the Settlement Administrator is unable to distribute funds to the Settlement Class Members entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and such Settlement Class Members shall forfeit their entitlement right to the funds.

100.    In the event there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are asked to select their form of payment, said funds attributable to unclaimed and undeliverable funds shall be treated as residual funds as described in Section XII.

101.    The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that include an election for Medical Data Monitoring with information on how to enroll in the Medical Data Monitoring, including the activation code.

## X.    Final Approval Order and Final Judgment

102.    Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs and Service Awards, no later than 45 days before the initial date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs and Service Awards, provided the objectors submitted timely objections that meet all requirements listed in this Agreement.

103.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs and Service Awards. Such proposed Final Approval Order shall, among other things:

a.    Determine that the Settlement is fair, adequate and reasonable;

b.    Finally certify the Settlement Class for settlement purposes only;

c.    Determine the completed Notice Program satisfies Due Process

requirements;

    d.  Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

    e.  Release Defendant and the Released Parties from the Released Claims, as specified in Section XIII below; and

    104. Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.  <u>Attorneys' Fees, Costs, and Service Awards</u>

    105. ***Attorneys' Fees and Costs*** – Class Counsel shall apply to the Court for an award of attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of costs. The attorneys' fees and costs approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to Class Counsel's trust account within five business days of Final Approval. These funds shall be held in Class Counsel's trust account until the Effective Date has passed. Class Counsel shall be responsible for allocating and distributing attorneys' fees among all Plaintiffs' counsel.

    106. ***Service Awards*** – Class Counsel shall apply to the Court for Service Awards for the Class Representatives of up to $2,500.00 each. The Service Awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund directly to the Class Representatives within five business days of the Effective Date.

    107. Attorneys' fees, costs, and Service Awards were not negotiated by the Parties until all other material terms of the Settlement had been determined. This Settlement is not contingent

on approval of the request for attorneys' fees, costs, and Service Awards and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force.

## XII.  Disposition of Residual Funds

108.    In the event there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are sent an email to select their form of payment, any residual shall be distributed to the International Association of Privacy Professionals Student Scholarship Fund, as approved by the Court.

## XIII.  Releases

109.    Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged Defendant and the Released Parties from any and all Released Claims.

110.    The Releasing Parties expressly waive all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, based on any of the Released Claims.

111.     Settlement Class members who opt out of the Settlement prior to the Opt-Out Deadline do not release their claims arising out of or related to the Data Incident and will not obtain any of the Settlement Class Member Benefits under the Settlement.

112.     Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting all Released Claims, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

113.     The power to enforce any term of this Settlement is not affected by the releases in this section.

**XIV.   Termination of Settlement**

114.     This Agreement shall be subject to and is expressly conditioned on the occurrence of all the following events:

   a.     Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

   b.     The Court has entered the Preliminary Approval Order;

   c.     The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

   d.     The Effective Date has occurred.

115.     If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition of approval of the Settlement to which

the Parties do not consent, then this Agreement shall be cancelled and terminated.

116.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

117.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to the Defendant as described hereinabove. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid or incurred.

## XV.    **Effect of Termination**

118.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

119.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for

any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.   <u>No Admission of Liability</u>

120.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continue to deny each of the claims and contentions alleged in the Complaint. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

121.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

122.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind

whatsoever.

123.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

124.    In addition to any other defenses Defendant or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  **Miscellaneous Provisions**

125.    ***Confidentiality***. To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement. This paragraph shall not be construed to limit or impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendant's Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. Defendant may also provide information about the Agreement to its attorneys, members, partners, insurers, brokers, agents, auditors, and other persons or entities as required by securities laws, other applicable laws and regulations, and as necessary to affect the

Settlement.

126. **_Gender and Plurals_**. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

127. **_Binding Effect_**. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

128. **_Cooperation of Parties_**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

129. **_Obligation to Meet and Confer_**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

130. **_Integration and No Reliance_**. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

131. **_No Conflict Intended_**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

132. **_Governing Law_**. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Illinois, without regard

to the principles thereof regarding choice of law.

133.     *Counterparts*. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted through email of a PDF shall be deemed an original.

134.     *Jurisdiction*. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

135.     *Notices*. All notices provided for herein shall be sent by email with a hard copy sent by overnight mail to:

> **If to Plaintiffs or Class Counsel**:
>
> Gary Klinger
> **Milberg Coleman Bryson**
> **Phillips Grossman PLLC**
> 227 W. Monroe Street, Ste. 2100
> Chicago, Illinois 60606
> gklinger@milberg.com

Jeff Ostrow
**Kopelowitz Ostrow P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
ostrow@kolawyers.com

**If to Defendant or Defendant's Counsel**:

Alfred J. Saikali
**Shook, Hardy & Bacon L.L.P.**
201 S. Biscayne Blvd., Ste. 3200
Miami, Florida 33131
asaikali@shb.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received because of the Notice Program.

136. *Modification and Amendment*. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

137. *No Waiver*. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

138. *Authority*. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all terms and provisions of this Agreement.

139. *Agreement Mutually Prepared*. Neither Plaintiffs nor Defendant shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

140. ***Independent Investigation and Decision to Settle***. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

141. ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signatures on the following page*

**CLASS COUNSEL** (On Behalf of the Plaintiffs and the Settlement Class)

Gary Klinger (Aug 29, 2025 12:18:38 CDT)

GARY KLINGER
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**

*Jeffrey Ostrow*
Jeffrey Ostrow (Aug 29, 2025 13:14:15 EDT)

JEFF OSTROW
**KOPELOWITZ OSTROW P.A.**

**VERADIGM INC.**

L. Westerfield (Aug 29, 2025 15:24:15 EDT)

By: L. Westerfield

Its Interim CFO

**VERADIGM LLC**

L. Westerfield (Aug 29, 2025 15:24:15 EDT)

By: L. Westerfield

Its Interim CFO

**COUNSEL FOR VERADIGM, INC. AND VERADIGM LLC**

*Alfred Saikali*
Alfred Saikali (Aug 29, 2025 13:15:51 EDT)

ALFRED J. SAIKALI
**SHOOK, HARDY & BACON L.L.P**

# EXHIBIT 1
# (EMAIL NOTICE)

**From:** Goodrum et al. v. Veradigm, Inc. Settlement Administrator

**To:**

**Subject Line: Notice of a Class Action Settlement**

---

Class Member ID: <<Refnum>>

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### United States District Court for the Northern District of Illinois, Eastern Division
### *Goodrum et al. v. Veradigm, Inc.*
### Case No. 1:25-cv-07062

### <u>A Court has authorized this Notice. This is not a solicitation from a lawyer.</u>

**If You Are A Person Residing In The United States Whose Private Information May Have Been Impacted As A Result Of The Veradigm Data Incident, You Are Eligible To Receive A Settlement Class Member Benefit From A Class Action Settlement.**

## <u>WHO IS A SETTLEMENT CLASS MEMBER?</u>

You are included in this Settlement if you are a Settlement Class Member. A Settlement Class Member is a living individual residing in the United States whose Private Information may have been impacted in the Data Incident.

## <u>WHAT ARE THE SETTLEMENT CLASS MEMBER BENEFITS?</u>

A Settlement has been reached in this lawsuit and the Defendant has agreed to pay $8,750,000 to resolve all claims against it and its Clients in this lawsuit related to the Data Incident. You may be entitled to receive a benefit. Settlement Class Members who submit a Valid Claim may receive: (a) Cash Payment A – Documented Losses, up to $5,000 per Settlement Class Member upon presentment of reasonable documentation; *or* (b) Cash Payment B – Alternate Cash, an *estimated* $50 cash payment; and (c) Medical Data Monitoring which includes two (2) years of CyEx's Medical Shield Complete with one credit reporting agency. Cash Payments to Settlement Class Members will be subject to a *pro rata* increase or decrease from the Net Settlement Fund depending on the amount of Valid Claims and remaining Settlement Funds. Please visit www.XXX.com for a full description of the Settlement Class Member Benefits and documentation requirements.

## <u>WHAT ARE YOUR RIGHTS AND OPTIONS?</u>

**<u>Submit a Claim Form.</u>** You must submit a Claim Form, available at www.XXX.com to be eligible to receive a Settlement Class Member Benefit. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at *Settlement Administrator – xxxxx*, c/o Kroll Settlement Administration LLC, PO Box XXX, New York, NY XXXXX and postmarked **no later than <<DATE>>.**

**<u>What are my other options?</u>** If you do nothing, you will be legally bound by the terms of the Settlement, and you will release your claims against Defendant Veradigm and its Clients as defined in the Settlement Agreement. You may opt-out of of or file an objection to the Settlement by <<DATE>>. Please visit www.XXX.com for more information on how to opt-out (or exclude yourself) from or object to the Settlement.

**<u>The Court's Final Approval Hearing.</u>** The Court is scheduled to hold a Final Approval Hearing on <<DATE>> at XXX a./p.m. CT, to consider whether to approve the Settlement, attorneys' fees up to one-third of the Settlement Fund, plus reimbursement of costs for Class Counsel, and Service Awards of $2,500 each to the Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to.

**<u>Do I have a lawyer in this case?</u>** Yes. The Court appointed Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel to represent the Settlement Class in Settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

**This Notice is a summary of the proposed Settlement. For more information or to change your address, visit www.XXX.com or call toll-free (XXX) XXX-XXXX.**

Please monitor https://www.XXX.com/ for updates or call (XXX) XXX-XXX.

This email was sent to you because you are a Settlement Class Member.| Unsubscribe

Please do not reply to this email. It is sent from an unmonitored mailbox.

# EXHIBIT 2
# (POSTCARD NOTICE)

Settlement Administrator
c/o Kroll Settlement Administration LLC
P.O. Box xxx
New York, NY xxxxx

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

---

**COURT APPROVED LEGAL NOTICE**
*Goodrum et al. v. Veradigm, Inc.*

Case No. 1:25-cv-07062

*A Court has authorized this Notice. This is not a solicitation from a lawyer.*

**If You Are A Person In The United States Who Was Sent Notice That Your Private Information May Have Been Impacted As A Result Of The Data Incident, You Are Eligible To Receive A Settlement Class Member Benefit From A Class Action Settlement**

**For more information on the proposed Settlement, including how to submit a claim, exclude yourself, or submit an objection, please visit or call:**
**www.XXX.com**
**(XXX) XXX-XXXX**

---

<<Refnum Barcode>>

CLASS MEMBER ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Company>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

A proposed Settlement has been reached in a class action lawsuit known as *Gold v. Veradigm Inc.* in United States District Court for the Northern District of Illinois, Eastern Division, Case No. 1:25-cv-07062.

**Why am I receiving this Notice?** You are receiving this Notice because the records of Veradigm, Inc. (Defendant) indicate your Private Information may have been impacted as a result of the Data Incident. You are therefore likely a Settlement Class Member eligible to receive benefits under this Settlement.

**Who is a Settlement Class Member?** You are included in this Settlement if you are a Settlement Class Member. A Settlement Class Member is a living individual residing in the United States whose Private Information may have been impacted in the Data Incident.

**What are the Settlement Class Members Benefits?** The Defendant has agreed to pay $8,750,000 ("Settlement Fund") to resolve the claims in this litigation. Settlement Class Members who submit a Valid Claim may receive: (a) Cash Payment A – Documented Losses, up to $5,000 per Settlement Class Member upon presentment of reasonable documentation; or (b) Cash Payment B – Alternate Cash – an estimated $50 cash payment; and, in addition to a Cash Payment, (c) Medical Data Monitoring that includes two (2) years of CyEx's Medical Shield Complete with one credit reporting agency. Cash Payments to Settlement Class Members will be subject to a *pro rata* increase or decrease from the Net Settlement Fund depending on the amount of Valid Claims and remaining Settlement Funds. Please visit **www.XXX.com** for a full description of the Settlement Class Member Benefits and documentation requirements.

**How do I submit a Claim Form?** You must submit a Claim Form, available at **www.XXX.com** to be eligible to receive a Settlement Class Member Benefit. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at Settlement Administrator – xxxxx, c/o Kroll Settlement Administration LLC, PO Box xxxx, New York, NY xxxxx-xxxx and postmarked by **<<DATE>>**.

**What are my other options?** If you do nothing, you will be legally bound by the terms of the Settlement, and you will release your claims against Defendant Veradigm and its Clients as defined in the Settlement Agreement. You may opt-out of or file an objection to the Settlement by **<<DATE>>**. Please visit **www.XXX.com** for more information on how to opt-out (or exclude yourself) from or object to the Settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel to represent the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Approval Hearing**. The Court is scheduled to hold a Final Approval Hearing on **<<DATE>> at XXX a./p.m. CT**, to consider whether to approve the Settlement, attorneys' fees up to one-third of the Settlement Fund, plus reimbursement of costs for Class Counsel, and Service Awards of $2,500 each to the Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to.

This Notice is only a summary. For more information or to change your address, visit **www.XXX.com** or call toll-free **(XXX) XXX-XXXX**.

---

**Visit www.XXX.com or call (XXX) XXX-XXXX**

Postage
Required

Settlement Administrator - xxxxx
c/o Kroll Settlement Administration LLC
P.O. Box XXX
New York, NY XXXXX

<<refnum barcode>>
Unique ID: <<refnum>>

**Claim Form for *Goodrum et al. v. Veradigm, Inc.***

Claims for Cash Payment B – Alternate Cash and/or Medical Data Monitoring do not require documentation
and may be submitted using this tear-off claim form, for which the postage is prepaid.

Unique ID: <<RefNum>>

<<firstname>> <<mi>> <<lastname>>
<<address1>> <<address2>>

<<City>>, <<State>> <<Zip>>

If different than the preprinted data on the left, please print your correct information:

| First Name | MI | Last Name |
| --- | --- | --- |
| | | |
| Address | | |
| | | |
| City | State | ZipCode |

Please select below the claim(s) you would like to make (insert an "X" in the box):

☐ **I would like a Cash Payment in the *estimated* amount of up to $50.00.**

☐ **I would like to receive two (2) years of CyEx's Medical Shield Complete with one credit reporting agency.**

Claims for Cash Payment A – Documented Losses require supporting documentation and cannot be made using this tear-off Claim Form. Any such Claims should be submitted through the Settlement Website at www.XXX.com or by mailing a completed full Claim Form (available on the Settlement Website) and supporting documentation to the Settlement Administrator.

**Verification & Signature**: I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

Signature: _____   Date: _____/_____/_____

Email Address: _____@_____

# EXHIBIT 3
# (LONG FORM NOTICE)

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**United States District Court for the Northern District of Illinois, Eastern Division**

***Goodrum, et al. v. Veradigm, Inc.***
**Case No. 1:25-cv-07062**

**A Court authorized this Long Form Notice ("Notice"). This is not a solicitation from a lawyer.**

---

**If You Are A Person In The United States Whose Private Information May Have Been Impacted As A Result Of the Veradigm Data Incident, You May Be Eligible To Receive A Settlement Class Member Benefit From A Class Action Settlement**

---

- A Court authorized this Notice to those that are eligible to receive Settlement Class Member[1] Benefits from a proposed class action Settlement. The Action is titled *Goodrum, et al. v. Veradigm, Inc.,* Case No. 1:25-cv-07062, and is pending in the United States District Court for the Northern District of Illinois, Eastern Division. The people that filed the class action lawsuit are called Plaintiffs or Class Representatives and the company they sued is Veradigm, Inc. (Defendant). Defendant denies any wrongdoing.

- **Who is a Settlement Class Member?**

    All living individuals residing in the United States whose Private Information may have been impacted in the Data Incident.

  Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of the Defendant; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (4) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

- Defendant has agreed to pay $8,750,000 ("Settlement Fund") to resolve all claims in the lawsuit. The Settlement Fund will be used to pay all Settlement Class Member Benefits, Court-approved Attorneys' Fees and Costs to Class Counsel and Service Awards to the Class Representatives, and Settlement Administration Costs. Settlement Class Members under the Settlement Agreement will be eligible to receive:

    - ❖ **Cash Payment A – Documented Losses: S**ettlement Class Members are eligible to submit a claim for a Cash Payment for Documented Losses for up to $5,000 per Settlement Class Member upon presentment of reasonable documentation of losses that are known to be the direct result of the Data Incident.

  **OR**

    - ❖ **Cash Payment B – Alternate Cash:** As an alternative to Cash Payment A above, a Settlement Class Member may elect to receive Cash Payment B, which is a cash payment in the estimated amount of $50.

  **All Cash Payments will be subject to a *pro rata* increase or decrease depending on the**

---

[1] Capitalized terms in this Notice are defined in the Settlement Agreement, which is available at www.XXX.com.

**Questions? Go to www.xxx.com or call (xxx) xxx-xxxx**

- 1 -

**amount available in the Net Settlement Fund.**

**In addition to Cash Payment A or Cash Payment B, Settlement Class Members may also elect to receive the following:**

- ❖ **Medical Data Monitoring –** Settlement Class Members may also make a Claim for Medical Data Monitoring that includes two years of CyEx's medical data monitoring product. The product includes credit monitoring with one credit reporting agency, with additional dark web monitoring. The product also provides for $1,000,000 of identity theft insurance and offers real-time alerts and victim and security freeze assistance.

- To submit a claim or obtain more information, visit www.XXX.com no later than <<DATE>> or call (XXX) XXX-XXXX to request a Claim Form.

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

|  | **Summary of Legal Rights** | **Deadline(s)** |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Settlement Class Member Benefit from the Settlement. | Submitted or postmarked on or before <<DATE>>. |
| **Exclude Yourself by Opting-Out of the Class** | Receive no benefit from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant relating to the Data Incident. | Mailed and postmarked on or before <<DATE>>. |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the Settlement or the Application for Attorneys' Fees, Costs and Service Awards. The Court cannot order a different settlement. You can also ask to speak at the Final Approval Hearing on <<DATE>>, about the fairness of the Settlement, with or without your own attorney. | Mailed and postmarked on or before <<DATE>>. |
| **Do Nothing** | You will not receive any Settlement Class Member Benefit from this class action Settlement. | N/A |

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.

**Questions? Go to www.xxx.com or call (xxx) xxx-xxxx**

- 2 -

- The Court still must decide whether to approve the Settlement. Benefits to Settlement Class Members will be made only if the Court approves the Settlement and after any possible appeals are resolved.

**Questions? Go to www.xxx.com or call (xxx) xxx-xxxx**

- 3 -

| What This Notice Contains |
|---|

**Basic Information** ................................................................................................................ **4**

**Who is in the Settlement** ..................................................................................................... **5**

**The Settlement Benefits—What You Get if You Qualify** ................................................... **5**

**How Do You Submit a Claim** ............................................................................................... **6**

**Excluding Yourself from the Settlement** ............................................................................ **7**

**Objecting to the Settlement** ................................................................................................. **8**

**The Lawyers Representing You** ........................................................................................... **9**

**The Court's Final Approval Hearing** ................................................................................. **10**

**If You Do Nothing** ............................................................................................................... **11**

**Additional Information** ........................................................................................................ **11**

**Questions? Go to www.xxx.com or call (xxx) xxx-xxxx**

- 4 -

## BASIC INFORMATION

| **1.    Why is there a Notice?** |
|---|

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give Final Approval to the Settlement. This Notice explains the nature of the Action that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Judge Honorable John Robert Blakey of the United States District Cout for the Northern District of Illinois, Eastern Division, is overseeing this case captioned as *Goodrum, et al. v. Veradigm, Inc.,* Case No. 1:25-cv-07062. The people who brought the lawsuit are called the Plaintiffs or Class Representatives. The company being sued is Veradigm (Defendant).

| **2.    What is the Action about?** |
|---|

The Action alleges that in December 2024, cybercriminals accessed certain systems within the Defendant's servers and may have acquired information belonging to approximately 2 million of Defendant's Clients' patients. The Private Information includes some combination of names, dates of birth, driver's license information, Social Security numbers, telephone numbers, and health information.

Defendant deny any wrongdoing. No Court or other judicial body has made any judgment or other determination that Defendant has done anything wrong.

| **3.    Why is this a class action?** |
|---|

In a class action, one or more people called "Class Representatives" or "Plaintiffs" sue on behalf of all people who have similar claims. Together, these people are called a "Settlement Class," and the individuals are called "Settlement Class Members." One Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| **4.    Why is there a Settlement?** |
|---|

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class, Class Counsel, think the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

Questions? Go to www.xxx.com or call (xxx) xxx-xxxx

- 5 -

## WHO IS IN THE SETTLEMENT?

**5. How do I know if I am part of the Settlement?**

You are affected by the Settlement and potentially a Settlement Class Member if you are a living individual residing in the United States whose Private Information may have been impacted in the Data Incident.

Only Settlement Class Members are eligible to receive benefits under the Settlement. Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendant; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (4) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

**6. What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are included in the Settlement, you may call (XXX) XXX-XXXX with  questions. You may also write with questions to:

Settlement Administrator – xxxxx
c/o Kroll Settlement Administration LLC
PO Box XXX
New York, NY XXXXX

## THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

**7. What does the Settlement provide?**

The Settlement provides a $8,750,000 Settlement Fund that will be used to pay: (1) all Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims; (2) all Settlement Administration Costs; and (3) any attorneys' fees, costs, and Service Awards approved by the Court. The Settlement provides the following Settlement Class Member Benefits available to Settlement Class Members who submit Valid Claims: (a) Cash Payment A – Documented Losses, up to $5,000 per Settlement Class Member upon presentment of reasonable documentation; *or* (b) Cash Payment B – Alternate Cash, an estimated $50 cash payment; **and**, in addition to a Cash Payment, (c) Medical Data Monitoring that includes two (2) years of CyEx's Medical Shield Complete with one credit reporting agency.

**8. What Settlement Class Member Benefits are available under the Settlement?**

Settlement Class Members that submit a Valid Claim may select <u>one</u> of the following Cash Payments:

a) ***Cash Payment A – Documented Losses:*** All Settlement Class Members are eligible to submit a claim for a Cash Payment for Documented Losses for up to $5,000 per Settlement Class Member upon presentment of reasonable documentation of losses that areknown to be the direct result of the Data Incident.

- Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was directly caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident.
- To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the claim.
- Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation.
- Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.
- If a Settlement Class member does not submit documentation supporting a loss, or if the Settlement Administrator rejects for any reason the Settlement Class member's claim and the Settlement Class Member fails to cure the claim, the claim will be rejected.

**OR**

b) ***Cash Payment B – Alternate Cash:*** As an alternative to Cash Payment A – Documented Losses above, a Settlement Class Member may elect to receive Cash Payment B – Alternate Cash, which is a cash payment in an *estimated* amount of $50.

Cash Payments will be subject to a *pro rata* increase from the Net Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Net Settlement Fund, the amount of the Cash Payments will be subject to a *pro rata* decrease.

**In addition to electing a Cash Payment, Settlement Class Members may also elect:**

c) **Medical Data Monitoring:** In addition to Cash Payment A or Cash Payment B, Settlement Class Members may also make a Claim for Medical Data Monitoring that includes two (2) years of CyEx's Medical Shield Complete. The product includes credit monitoring with one credit reporting agency, with additional dark web monitoring. The product also provides for $1,000,000 of identity theft insurance and contains real-time alerts and victim and security freeze assistance.

## HOW DO YOU SUBMIT A CLAIM?

| 9.    How do I get a Settlement Class Member Benefit? |
| --- |

To receive a Settlement Class Member Benefit, you must complete and submit a Claim Form online at www.XXX.com or by mail to *Settlement Administrator – xxxxx*, c/o Kroll Settlement Administration LLC, PO Box XXX, New York, NY XXXXX. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by **<<DATE>>, 11:59 p.m. CT** or by mail **postmarked by <<DATE>>**.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.XXX.COM**

Questions? Go to www.xxx.com or call (xxx) xxx-xxxx

- 7 -

| 10. When will I get my Settlement Class Member Benefit? |
|---|

The Court will hold a Final Approval Hearing on <<DATE>> at xx a./p.m. CT to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all of the Claim Forms to be processed. Please be patient. Payments will begin after the Settlement has obtained Court approval and the time for all appeals has expired.

| 11. What am I giving up as part of the Settlement? |
|---|

Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, Defendant and Defendant's Clients will fully, finally, and forever be released, acquitted, relinquished, and completely discharged from any and all Released Claims. The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, based on any of the Released Claims. These Releases are described in Section XIII of the Settlement Agreement, which is available at www.XXX.com. If you have any questions, you can talk to the law firms listed in Question 17 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting-out" of the Settlement Class.

| 12. If I exclude myself, can I get a benefit from this Settlement? |
|---|

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

| 13. If I do not exclude myself, can I sue the Released Parties for the same thing later? |
|---|

No. Unless you exclude yourself, you give up any right to sue Defendant, Defendant's Clients, and any other Released Parties for any claim that could have been or was brought relating to the Data Incident. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

| 14. How do I exclude myself from the Settlement? |
|---|

To exclude yourself, mail a request to opt-out that says you want to be excluded from the Settlement of as *Goodrum, et al. v. Veradigm, Inc.,* Case No. 1:25-cv-07062. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address,

telephone number, and email address (if any), and a statement indicating a request to opt-out of the Settlement Class. Mass or class requests to opt-out filed by third parties on behalf of a class of Settlement Class Members or multiple Settlement Class Members where the opt-out has not been signed by each and every individual Settlement Class Member will not be allowed. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of the Agreement even if that Settlement Class Member does not submit a claim. You must **mail** your opt-out request to the Settlement Administrator **postmarked no later than <<DATE>>**, to:

Settlement Administrator – xxxxx
c/o Kroll Settlement Administration LLC
P.O. Box XXX
New York, NY XXXXX

**OBJECTING TO THE SETTLEMENT**

| **15. How do I tell the Court that I do not like the Settlement?** |
| --- |

You can tell the Court that you do not agree with the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards, or some part of it, by objecting to the Settlement. For an objection to be a valid objection under the Settlement, it must be sent to the Clerk of Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator at the addresses listed below, postmarked by **no later** than **<<DATE>>**.

| **Clerk of the Court** | **Class Counsel** |
| --- | --- |
| Clerk of the Court<br>XXX<br>XXX<br>XXX | Gary Klinger<br>**Milberg Coleman Bryson**<br>**Phillips Grossman PLLC**<br>227 W. Monroe Street, Ste. 2100<br>Chicago, Illinois 60606<br>gklinger@milberg.com<br><br>Jeff Ostrow<br>**Kopelowitz Ostrow P.A.**<br>1 West Las Olas Blvd., Ste. 500<br>Fort Lauderdale, FL 33301<br>ostrow@kolawyers.com |

Questions? Go to www.xxx.com or call (xxx) xxx-xxxx

- 9 -

| Defendant's Counsel | Settlement Administrator |
|---|---|
| Alfred J. Saikali<br>**Shook, Hardy & Bacon L.L.P.**<br>201 S. Biscayne Blvd., Ste. 3200<br>asaikali@shb.com | Settlement Administrator – xxxxx<br>c/o **Kroll Settlement Administration LLC**<br>P.O. Box XXX<br>New York, NY XXXXX |

For an objection to be considered by the Court, your objection must be written and must include all of the following:

a. the objector's full name, mailing address, telephone number, and email address (if any);

b. the case name and case number: *Goodrum, et al. v. Veradigm, Inc.*, Case No. 1:25-cv-007062;

c. documentation sufficient to establish membership in the Settlement Class, such as a copy of the Email Notice or Postcard Notice the objector received;

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

e. the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

g. the number of times the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

h. the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

i. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

j. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k. the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding written discovery.

## 16. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding

yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any benefit from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a Settlement Class Member, and the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

| **17.  Do I have a lawyer in this case?** |
| --- |

Yes. The Court appointed Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel to represent the Settlement Class in Settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **18.  How will the lawyers be paid?** |
| --- |

Class Counsel will file an Application for Attorneys' Fees, Costs and Service Awards for an award of attorneys' fees up to one-third of the Settlement Fund, plus reimbursement of costs. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel shall apply to the Court for Service Awards for the Class Representatives of up to $2,500 each, from the Settlement Fund.

Any attorneys' fees, costs and Service Award payments must be approved by the Court. The Court may award less than the amounts requested.

## THE COURT'S FINAL APPROVAL HEARING

| **19.  When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a Final Approval Hearing at XX a./p.m. CT on <<DATE>> at the United States District Court for the Northern District of Illinois, Eastern Division, XXXXXXXX, Chicago, Illinois, XXXXX as ordered by the Court. At this hearing, the Court will consider  whether the Settlement is fair, adequate, and reasonable. If there are timely and valid objections,  the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the Application for Attorneys' Fees, Costs, and Service Awards. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website **www.XXXX.com**, or calling **(XXX) XXX-XXXX**.

| **20.  Do I have to attend the hearing?** |
| --- |

No. Class Counsel will present the Settlement Class to the Court. You or your  own lawyer are

welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 15, the Court will consider it.

| 21.  May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection pursuant to the instructions in Question 15, including by providing all required information. Your objection must be mailed to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator, at the mailing addresses listed above, postmarked by no later than **<<DATE>>**.

## IF YOU DO NOTHING

| 22.  What happens if I do nothing? |
|---|

If you do nothing, you will not receive any benefits from this Settlement. If the Settlement is granted Final Approval and becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant, Defendant's Clients, or the other Released Parties based on any claim that could have been or that was brought relating to the Data Incident.

## ADDITIONAL INFORMATION

| 23.  How do I get more information? |
|---|

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at www.XXX.com. You may also call the Settlement Administrator with questions or to receive a Claim Form at **(XXX) XXX-XXXX**.

| 24.  What if my contact information changes or I no longer live at my address? |
|---|

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, calling toll-free **(XXX) XXX-XXXX** or at the Contact page of the Settlement Website:

Settlement Administrator – xxxxx
c/o Kroll Settlement Administration LLC
PO Box XXX
New York, NY XXXXX

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT, OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

# EXHIBIT 4
# (CLAIM FORM)

\*8000000000000\*

8 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
<mark>**<<DATE>>**</mark>

</td><td>

### CLAIM FORM FOR GOODRUM ET AL. V. VERADIGM, INC.

*Goodrum et al. v. Veradigm, Inc.*
Case No. 1:25-cv-07062
United States District Court for the
Northern District of Illinois, Eastern Division

</td><td>

**For Office Use Only**

</td></tr>
</table>

### GENERAL INSTRUCTIONS

You have been identified by the Settlement Administrator as a Settlement Class Member who was sent a notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident. You may submit a Claim for a Settlement Class Member Benefit, outlined below.

Please refer to the Notice posted on the Settlement Website, <mark>**www.XXX.com**</mark>, for more information on submitting a Claim Form and whether you are part of the Settlement Class.

**To receive a Settlement Class Member Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at <mark>www.XXX.com</mark> by <mark><<DATE>></mark>.**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

Settlement Administrator – <mark>xxxxx</mark>
c/o Kroll Settlement Administration LLC
PO Box <mark>XXX</mark>
New York, NY <mark>XXXXX</mark>

Cash Payments will be adjusted up or down depending on the value of Valid Claims. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis. **You may submit a claim for one of the following benefits:**

1)     ***Cash Payment A – Documented Losses***: All Settlement Class Members are eligible to submit a claim for a Cash Payment for Documented Losses for up to $5,000 per Settlement Class Member upon presentment of reasonable documentation of losses related to the Data Incident;

      **OR**

2)     ***Cash Payment B – Alternate Cash:*** As an alternative to Cash Payment A – Documented Losses above, a Settlement Class Member may elect to receive Cash Payment B – Alternate Cash, which is a cash payment in an *estimated* amount of $50.

    Cash Payments will be subject to a *pro rata* increase from the Net Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Net Settlement Fund, the amount of the Cash Payments will be subject to a *pro rata* decrease.

**In addition to a Cash Payment, Settlement Class Members may also select the following:**

**Questions? Go to <mark>www.XXX.com</mark> or call +1 <mark>(XXX) XXX-XXXX</mark>.**

\*8000000000000\*

8 0 0 0 0 0 0 0 0 0 0 0

3) ***Medical Data Monitoring:*** In addition to Cash Payment A or Cash Payment B, Settlement Class Members may also make a Claim for Medical Data Monitoring that includes two (2) years of CyEx's Medical Shield Complete.

## I. PAYMENT SELECTION

If you would like to receive your Cash Payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____     _____

**First Name**                                 **Last Name**

_____

**Address 1**

_____

**Address 2**

_____ ___ ____ ___ ___ ___ ___ ___

**City**                                       **State**         **Zip Code**

**Email Address:** _____@_____

**Telephone Number: (** ____ ____ ____ **)** ____ ____ ____ **-** ____ ____ ____ ____

## III. PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐ Check this box to certify that you are a living individual residing in the United States who received notice that Private Information may have been impacted in the Data Incident.

Enter the Class Member ID Number provided on your Postcard Notice or Email Notice:

**Class Member ID: 8 0 0 0 0** ____ ____ ____ ____ ____ ____ ____ ____

**Questions? Go to www.XXX.com or call (XXX) XXX-XXXX.**

\*8000000000000\*

8 0 0 0 0 0 0 0 0 0 0 0 0

## IV. CASH PAYMENT A – DOCUMENTED LOSSES

All Settlement Class Members are eligible to submit a claim for a Cash Payment for Documented Losses for up to $5,000 per Settlement Class Member upon presentation of reasonable documentation of losses related to the Data Incident.

Settlement Class Members with documented losses must submit documentation supporting their claims. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if the loss (i) is an actual, documented, and unreimbursed monetary loss; (ii) was known to be directly caused by the Data Incident; and (iii) incurred after the date of the Data Incident.

Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation.

Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

If a Settlement Class Member does not submit documentation supporting a loss, or if, for any reason, the Settlement Administrator rejects the Settlement Class Member's claim and the Settlement Class Member fails to cure the claim, the claim will be rejected.

**You must have documented losses incurred as a result of the Data Incident and submit reasonable documentation to obtain this benefit.**

☐  I have attached documentation showing that the documented losses were more likely than not caused by the Data Incident.

| Cost Type<br>(Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation<br>(Identify what you are attaching and why) |
|---|---|---|---|
| (Example)<br>Identity Theft Protection Service | <u>07/17/25</u><br>(mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | __ __/___ __/___ __<br>(mm/dd/yy) | $_____._____ | |
| | __ __/___ __/___ __<br>(mm/dd/yy) | $_____._____ | |
| | __ __/___ __/___ __<br>(mm/dd/yy) | $_____._____ | |

**Questions? Go to <u>www.XXX.com</u> or call (XXX) XXX-XXXX.**

\*8000000000000\*

8 0 0 0 0 0 0 0 0 0 0 0 0

## V.  CASH PAYMENT B – ALTERNATE CASH

By checking the box below, I choose an estimated $50 Cash Payment.

**Do not also submit a claim for Cash Payment A – Documented Losses.**

☐  Yes, I choose an estimated $50 Cash Payment *instead of* the documented losses above.

**IN ADDITION TO THE CASH PAYMENTS, YOU MAY ALSO SELECT THE SETTLEMENT CLASS MEMBER BENEFIT BELOW**

## VI. MEDICAL DATA MONITORING

Check the box below if you wish to receive, in addition to electing compensation for Cash Payment A or Cash Payment B, two (2) years of CyEx's Medical Shield Complete. The product includes credit monitoring with one credit reporting agency, with additional dark web monitoring. The product also provides for $1,000,000 of identity theft insurance and offers real-time alerts and victim and security freeze assistance.

**You may also select Cash Payment A or Cash Payment B.**

☐  Yes, I choose two (2) years of CyEx's Medical Shield Complete.

## VII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____       ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                                          Date

_____
Print Name

**Questions? Go to <mark>www.XXX.com</mark> or call <mark>(XXX) XXX-XXXX</mark>.**

# EXHIBIT 8
# (PRELIMINARY APPROVAL ORDER)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TONY GOODRUM, JASON MIXON, and MARTY WOOLEY, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:25-cv-07062 (Consolidated with No. 1:25-cv-08963) |
| v. | ) ) | Hon. John Robert Blakey |
| VERADIGM, INC., | ) ) | |
| Defendant. | ) ) | |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlement and Incorporated Memorandum of Law [ECF No. ___ ] for

consideration of whether the Settlement[1] reached by the Parties should be preliminarily approved,

the proposed Settlement Class preliminarily certified, and the proposed Notice Program, Notices,

Claims Process, and Claim Form be approved. Having reviewed the proposed Settlement, together

with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the

Court has determined the proposed Settlement satisfies the criteria for Preliminary Approval, the

proposed Settlement Class should be preliminarily certified, and the proposed Notice Program,

Notices, Claims Process, and Claim Form approved. Accordingly, good cause appearing in the

record, **IT IS HEREBY ORDERED THAT**:

**Provisional Certification of the Settlement Class**

1.      The Court provisionally certifies the following Settlement Class for settlement

---

[1] All capitalized terms used herein shall have the same definitions as those in Section II of the Settlement Agreement, attached to the Motion for Preliminary Approval as *Exhibit A*.

1

purposes only, finding it is likely to certify it at the final approval stage:

> All living individuals residing in the United States whose Private Information may
> have been impacted in the Data Incident.

2. The Court has subject matter jurisdiction. Specifically, the Court finds that the Parties are minimally diverse, there are more than 100 members of the Settlement Class, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and the Settlement Class.

3. The Court determines that for settlement purposes only, the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent Settlement Class members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate to represent the Settlement Class.

4. Plaintiffs Tony Goodrum, Marty Wooley, Todd Clay, and Tanya Walker are designated and appointed as the Class Representatives.

5. Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The Court finds that these counsel are experienced and will adequately protect the interests of the Settlement Class.

### Preliminary Approval of the Proposed Settlement

6. Upon preliminary review, pursuant to Fed. R. Civ. P. 23(e)(2), and the factors set

forth in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014), the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

**<u>Final Approval Hearing</u>**

7.      A Final Approval Hearing shall take place before the Honorable John Robert Blakey on _____, ____, 202__, at ____ :_____a.m./p.m at _____ Chicago, Illinois _____ to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement's terms, all claims in the Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards should be granted. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website. The hearing may be re-scheduled without further notice to the Settlement Class. Any changes in the date or time will be posted on the Settlement Website.

8.      Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, as well as Service Awards of up to $2,500.00 per Class Representative to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval

Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

9.      Class Counsel shall file the Motion for Final Approval and Application for Attorneys' Fees and Costs no later than 45 days before the initial scheduled Final Approval Hearing date. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees, costs, and Service Awards.

10.     Any Settlement Class Member who has not timely and properly opted out from the Settlement in the manner described below, may appear at the Final Approval Hearing in-person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement. However, no Settlement Class Member who has elected to opt out from the Settlement shall be entitled to object or otherwise appear. Further, no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements set forth in this Preliminary Approval Order pertaining to objections, which are described below.

## Settlement Administration

11.     Kroll Settlement Administration LLC is appointed as the Settlement Administrator, with responsibility for handling the Notice Program and overseeing the Claims Process. All Settlement Administration Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

## Notice to the Settlement Class

12.     The Notice, including the Email Notice, Postcard Notice, and Long Notice Form, along with the Claim Form, attached as exhibits to the Settlement Agreement, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process, and thus are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the

4

Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks that the Settlement requires.

13.     The Court finds that the form, content, and method of the Notices: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Opting Out of the Settlement Class

14.     Any Settlement Class Member who wishes to opt out of the Settlement must submit a written notification of such intent either electronically or by United States mail to the designated address established by the Settlement Administrator, postmarked no later than the Opt-Out Deadline, which is 30 days before the initial scheduled Final Approval Hearing date. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a a written request to opt out of the Settlement Class. Any Settlement Class Member who does not submit a valid and timely request to opt out in the manner described herein shall be bound by the Settlement, including all Releases, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

15.     Settlement Class Members cannot opt out by telephone or email. "Mass" or "class"

requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members, where an opt out has not been signed by each and every individual Settlement Class Member, will not be allowed.

16.     All Settlement Class members who submit valid and timely requests to opt out of the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

## Objecting to the Settlement

17.     A Settlement Class Member who complies with the requirements of this Preliminary Approval Order and the Agreement may object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards.

18.     No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class member shall be received and considered by the Court, unless a written objection is submitted to the Court before the Objection Deadline, which shall be 30 days before the initial scheduled Final Approval Hearing date. For the objection to be considered by the Court, the written objection must include:

a.     the objector's full name, mailing address, telephone number, and email address (if any);

b.     the case name and case number: *Goodrum, et al. v. Veradigm, Inc.*, Case No. 1:25-cv-007062;

c.     documentation sufficient to establish membership in the Settlement Class, such as a copy of the Email Notice or Postcard Notice the objector received;

d.     all grounds for the objection, accompanied by any legal support for the objection

6

known to the objector or objector's counsel;

e.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

f.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees and Costs;

g.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

h.      the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

i.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

j.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking the objector's deposition or requesting documents, to be completed before the Final Approval Hearing.

19.     Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator, at the addresses listed on the Long Form Notice and which will also appear on the Settlement Website

20.     Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Preliminary Approval Order by appeal or any other means.

## Claims Process and Distribution Plan

21.     The Settlement establishes a Claims Process for assessing and determining the validity and value of Claims and a methodology for paying Settlement Class Members that submit a Valid Claim. The Court preliminarily approves this process.

22.     Settlement Class members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement, including the requirements and procedures in the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for Settlement Class Member Benefits, but who fail to submit a Claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form requirements, shall be forever barred from receiving any of the Settlement Class Member Benefits. Such Settlement Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the Releases, the

Final Approval Order, and final judgment.

## Termination of the Settlement and Use of this Order

23.     This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

24.     If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant or Defendant's Clients of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## Stay of Proceedings

25.     Except as necessary to effectuate this Preliminary Approval Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and judgment, or until further order of this

Court.

26.     Upon entry of this Order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant, Defendant's Clients, and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement

### Adjournment or Continuance of Final Approval Hearing

27.     The Court, at its direction, may adjourn or continue the Final Approval Hearing date without further written notice to the Settlement Class. If the Court does so, the new date shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

### Jurisdiction Pending Settlement Approval

28.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

### Summary of Deadlines

29.     The Settlement, as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

10

| EVENT | DATE |
|---|---|
| Deadline to commence Notice Program | Within 20 days following the Preliminary Approval Order |
| Deadline to complete Notice Program | 45 days before the initial scheduled Final Approval Hearing date |
| Deadline for filing Motion for Final Approval | 45 days before the initial scheduled Final Approval Hearing date |
| Opt-Out Deadline | 30 days before the initial scheduled Final Approval Hearing date |
| Objection Deadline | 30 days before the initial scheduled Final Approval Hearing date |
| Claim Form Deadline | 15 days before the initial scheduled Final Approval Hearing date |
| Final Approval Hearing | _____, 202__, at __:__ a.m./p.m. (or soon thereafter depending on the Court's availability). |

     **DONE AND ORDERD** in Chambers in Chicago, Illinois, this ___ day of _____,

2025.

_____
JOHN ROBERT BLAKEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT 9
# (FINAL APPROVAL ORDER)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TONY GOODRUM, JASON MIXON, and MARTY WOOLEY, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) |
| Plaintiffs, | ) No. 1:25-cv-07062 |
| | ) (Consolidated with No. 1:25-cv-08963) |
| v. | ) |
| | ) Hon. John Robert Blakey |
| VERADIGM, INC., | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND**
**APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. [ECF No. ____ ];

WHEREAS, on _____, 2025, the Court entered its Order granting Preliminary Approval of the Settlement, which,: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2)–(3) and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim Process and Claim Form; and (7) set the Final Approval Hearing date. [ECF No. _____];

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Email Notice and/or Postcard Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or upon request

to the Settlement Administrator;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on _____, 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, all of the other files, records, and proceedings in the Action, and being otherwise fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2. This Final Approval Order incorporates herein the definitions from Section II of the Settlement Agreement and Releases, attached as Exhibit A to the Motion for Final Approval.

3. The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

4. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the factors in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) and Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that: (a) the complexity, expense, and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the

proceedings and amount of discovery completed; (d) the risks of establishing liability; (e) the risk of establishing damages; (f) the risks of maintaining the class action through trial; (g) the ability of defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light the best possible recovery; and (i) the range of reasonbless of the settlement fund to a possible recovery in light of all the attendant risks of litigation. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5.    In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there were _____ objection(s) to the Settlement filed, and that only _____ Opt Outs were submitted. A list of the individuals who have opted out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement and Releases contained therein.

6.    Based on the information presented to the Court, the Claims process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7.    The allocation and distribution plan for Settlement Class Member Benefits is fair, reasonable, and adequate.

8.    The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of the Settlement

3

Class in connection with the Settlement.

9.     Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10.     All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

11.     The appointment of Plaintiffs as Class Representatives is affirmed.

12.     The appointment of Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel is affirmed.

13.     The appointment of Kroll Settlement Administration LLC is affirmed.

14.     The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(2)-(3) for only the purposes of the Settlement in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable, based on their objective criteria.

15.     Therefore, the Court finally certifies the following Settlement Class: All living individuals in the United States whose Private Information may have been impacted in the Data

Incident. Excluded from the Settlement Class are (a) all persons who are directors, officers, and agents of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

16.    Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

17.    As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

18.    In consideration for this Agreement and the consideration set forth herein, the Releasing Parties hereby release the Released Parties from the Released Claims.

19.    If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund 20 days following the 180-day period for Settlement Class Members to select the form of electronic payment, any remaining funds shall be distributed to International Association of Privacy Professionals Student Scholarship Fund, which the Court approves as the *cy pres* recipient.

20.    Pursuant to Federal Rule of Civil Procedure 23(h), settlement Class Counsel is awarded \$_____ for Attorneys' Fees and \$_____ for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. Class Counsel have sole responsibility, within Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel. The Court evaluated Class Counsel's request applying the percentage of the common fund method and concludes that amount is within the range of reason.

21.    The Class Representatives are each awarded \$_____ Service Awards. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

22.     Plaintiffs and all Settlement Class members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

23.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

24.     In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc.

25.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

**DONE AND ORDERD** in Chambers in Chicago, Illinois, this ___ day of _____, 202__.

_____
JOHN ROBERT BLAKEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## OPT-OUT LIST

1.

2.