**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TONY GOODRUM, MARTY WOOLEY, TODD CLAY, and TANYA WALKER, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>   v.<br><br>VERADIGM, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)  Case No.  1:25-cv-07062<br>)  (Consolidated with Case No. 1:25-<br>)  cv-08963)<br>)<br>)  Judge John Robert Blakey<br>)<br>) |

## FINAL APPROVAL ORDER

On November 6, 2025, this Court entered its Order granting Preliminary Approval of the Settlement, which: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2)–(3) and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Class Counsel; (5) approved the form and manner of the Notices and the Notice Program; (6) approved the Claim Process and Claim Form; and (7) set the Final Approval Hearing date. *See* [46].

Thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Email Notice, Postcard Notice, Publication Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or upon request to the Settlement Administrator; additionally, a notice of settlement was timely mailed to

governmental entities as provided for under 28 U.S.C. § 1715.

The case is now before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards, [51], filed February 2, 2026. The Court held a Final Approval Hearing in this matter on March 24, 2026 to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

Based upon the foregoing, and having considered the papers filed and proceedings held in connection with the Settlement, all of the other files, records, and proceedings in the Action, and being otherwise fully advised, this Court hereby **FINDS AND ORDERS** as follows:

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2.      This Final Approval Order incorporates herein the definitions from Section II of the Settlement Agreement and Releases, attached as Exhibit A to the Motion for Final Approval.

3.      The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also

2

fair, and the Claim Form is easily understandable.

4.     The Settlement is in all respects fair, reasonable, and adequate, after considering all of the factors set forth in *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) and Federal Rule of Civil Procedure 23(e)(2), including: (a) the complexity, expense, and likely duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and amount of discovery completed; (d) the risks of establishing liability; (e) the risk of establishing damages; (f) the risks of maintaining the class action through trial; (g) the ability of defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light the best possible recovery; and (i) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation. The parties reached this settlement based upon a record that was sufficiently developed and complete to enable them to adequately evaluate and consider their positions.

5.     In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given that there was just one objection to the Settlement and 21 opt-outs, out of millions of potential members.

6.     The Court has considered the objection filed by Settlement Class Member Andrew Long [52], [58], the Declaration of Andrea Dudinsky of Kroll Settlement Administration LLC submitted in response to the objection [53], and Plaintiffs' and Class Counsel's Response to the objection [52] and hereby overrules

the objection. First, the objection fails to comply with the procedural requirements set forth in this Court's Preliminary Approval Order, the Settlement Agreement, and the Long Form Notice. Additionally, even if the objection were procedurally proper, it fails on its merits because it substantively fails to suggest that the Settlement remains unfair, unreasonable, or otherwise improper or inadequate.

7. A list of the individuals who have opted out of the Settlement is attached as **Exhibit A**. The individuals listed here are **NOT BOUND** by the Settlement Agreement or the Releases contained therein.

8. Based upon the information presented to the Court, the Claims process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

9. The allocation and distribution plan for Settlement Class Member Benefits is fair, reasonable, and adequate.

10. Class Representatives and Class Counsel have fairly and adequately represented, and will continue to adequately represent and protect, the interests of the Settlement Class.

11. Having found the Settlement to be fair, reasonable, and adequate, the Court grants Final Approval of the Settlement and authorizes and directs

implementation of all terms and provisions of the Settlement.

12. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

13. The Court affirms the appointment of Plaintiffs Tony Goodrum, Marty Wooley, Todd Clay, and Tanya Walker as Class Representatives.

14. The Court also affirms the appointment of Gary Klinger of Milberg PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel.

15. The Court affirms the appointment of Kroll Settlement Administration LLC as the Settlement Administrator.

16. The Court affirms its findings, made for settlement purposes only, that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(2)–(3) in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class remains ascertainable, based upon their objective criteria.

17.     Therefore, the Court finally certifies the following Settlement Class: All living individuals in the United States whose Private Information may have been impacted in the Data Incident.[1]  Excluded from the Settlement Class are: (a) all persons who are directors, officers, and agents of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

18.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice, though the Court incorporates the parties' Settlement Agreement by reference and thus retains jurisdiction to enforce the Settlement, as well as this Order.

19.     As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

20.     In consideration for this Agreement and the consideration set forth herein, the Releasing Parties hereby release the Released Parties from the Released Claims.

21.     If there are funds remaining in the Settlement Fund 20 days following the 240-day period for Settlement Class Members to select the form of electronic payment, any remaining funds shall be distributed to International Association of

---

[1] "Data Incident" means the network intrusion that may have resulted in unauthorized access to or acquisition of Private Information, which Defendant discovered in June 2025.  [51-1] ¶ 29.

Privacy Professionals Student Scholarship Fund, which the Court approves as the *cy pres* recipient.

22. Pursuant to Federal Rule of Civil Procedure 23(h), settlement Class Counsel is awarded $3,500,000.00 for Attorneys' Fees and $44,925.51 for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. Class Counsel have sole responsibility, within Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel. The Court evaluated Class Counsel's request applying the percentage of the common fund method and concludes that amount is within the range of reason.

23. The Class Representatives (Tony Goodrum, Marty Wooley, Todd Clay, and Tanya Walker) are each awarded $2,500.00 Service Awards. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

24. Plaintiffs and all Settlement Class members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

25. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the

purpose of enforcing and administering the Settlement.

26. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc.

27. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

Dated: March 26, 2026

ENTERED:

_____
John Robert Blakey
United States District Judge

8

## EXHIBIT A: OPT-OUTS

1. Jeffery Bell
2. Dawn Bell
3. Kelly Utley
4. Candace Utley
5. Phillip S Harrison
6. Deanna Erin Conners
7. Mark Fitzgerald
8. Gary Surgeon
9. Myra Allen
10. Linda P Higgins
11. Alejandro Pichardo Cruz
12. Anna Woolridge
13. Augustus Brymus
14. Denny Kim
15. Christina Vazquez
16. Suzanne Tennimon
17. Amee Varia
18. Maahi Varia
19. Shiva Varia
20. Karen Darnell
21. John Fouts